## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GLE SCRAP METAL, INC.,**

       **Plaintiff,**

**v.**                            **Case No: 6:22-cv-573-PGB-LHP**

**TIAN TAN and TY**
**INTERNATIONAL LLC,**

       **Defendants.**
_____/

## <u>ORDER</u>

This cause comes before the Court on Plaintiff's Unopposed Motion to Stay (Doc. 66 (the "**Motion**")). Upon consideration, the Motion is due to be denied.

This dispute flows from the creation and marketing of an app called Doctor Scrap by a former employee of a business acting as a scrap metal sales middleman. (Doc. 1). Plaintiff GLE Scrap Metal, Inc. both recycles and connects buyers and sellers of various types of scrap metals. (Doc. 1, pp. 2–3). Defendant Tian Tan ("**Defendant Tan**") worked for Plaintiff with a goal of efficiently but manually linking sellers of scrap metal offerings with buyers using the seller's photos. (Doc. 1, pp. 5–8). Defendant Tan's employment with Plaintiff as Director of International Marketing lasted from June 2019 to November 2021. (*Id*. at pp. 5–9). After leaving the company, Defendant Tan began to market an app through Defendant TY International LLC which aids in the scrap metal resale business.  (*Id*.).

Upon learning of the Defendants' marketing of the app at an upcoming online scrap metal marketing convention, Plaintiff filed the instant Complaint along with a motion seeking a temporary restraining order to enjoin Defendants from participating in the convention. (Docs. 1, 2). In the Complaint, Plaintiff brings claims for violations of the Federal Trade Secrets Act and the Michigan Uniform Trade Secrets Act, conversion, breach of contract, and tortious interference with a business relationship. (Doc. 1). Importantly, Plaintiff seeks not only injunctive relief but also damages for several of these claims. (*See id.* at pp. 18–22).

The Court initially granted Plaintiff an *ex parte* temporary restraining order, but the Court later denied Plaintiff a preliminary injunction after responsive briefing and holding an evidentiary hearing. (Docs. 4, 25, 45, 48). Plaintiff appealed the denial to United States Court of Appeals for the Eleventh Circuit. (Doc. 55). Plaintiff now seeks a stay of these proceedings, pending resolution of its interlocutory appeal. (Doc. 66). As the instant Motion is unopposed, it is now ripe for review.

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This includes the power to stay proceedings pending a circuit court's consideration of an interlocutory appeal. *See e.g.*, *Concord at the Vineyards Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2:21-cv-380, 2022 WL 17823892, at *1 (M.D. Fla. Dec. 13, 2022). However, the consideration of a case by an appeals court does not automatically divest the district court of its control over all parts of

the same case, only "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Instead, district courts consider discretionary factors such as judicial economy and the avoidance of unnecessary discovery and litigation expenses when deciding whether to stay the aspects of a case not involved with a pending appeal. *Danner Const. Co., Inc. v. Hillsborough Cnty.*, No. 8:09-cv-650, 2009 WL 3055315, at *2 (M.D. Fla. Sept. 24, 2009).

Here, Plaintiff argues judicial economy and the avoidance of unnecessary discovery and litigation expenses weigh in favor of a discretionary stay. (Doc. 66, pp. 3–4). The Court disagrees. Importantly, Plaintiff does not merely seek preliminary injunctive relief on its trade secret misappropriation claims on appeal; it also brings a conversion claim, a breach of contract claim, and a tortious interference claim. (Doc. 1). Thus, even if the Eleventh Circuit rules in Plaintiff's favor, a trial on the damages issues and whether to ripen the hypothetical preliminary injunction into a permanent injunction will still be necessary. Related discovery and litigation expenses will also be necessary. As such, the Court sees no reason to stave off the inevitable.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Unopposed Motion to Stay (Doc. 66) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties